# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

---

## EPITOMIZED OPINIONS
### Published only in the Abstract

---

No. 128

### BINGHAM-PRIEST CO. v. BEACH

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5867. Decided June 22, 1925

Judges Farr & Pollock, 7th Dist., and Patterson of 5th Dist., sitting.

545. FORFEITURE—1. Not favored by courts of equity or law.

2. When inserted in contract to secure payment of money, performance of an act, or enjoyment of some benefit, such payment regarded by equity as compliance with provisions of contract.

POLLOCK, J.

Charles Beach purchased a certain lot from the Bingham-Priest Co. for $90 in cash and the balance of $360 by notes. The contract of purchase provided for certain restrictions in regard to the character and location of the house to be built thereon, fixing the minimum value of the house to be built at not less than $2500. Beach subsequently built a small building with some windows and occupied it as a dwelling. A shed was also built and a well was dug on the property.

The Company, in 1923, commenced an action in ejectment before a justice of the peace against Beach which resulted in a judgment in ejectment in favor of the Company. Later on the parties entered into a further contract resulting in an amicable settlement of their differences. This new contract provided that Beach demolish the buildings upon said land, except the shed, by June 15, 1923; said shed to be removed by Oct. 1, 1923. The well was also to be covered. It further provided that a failure of Beach to comply with these terms should constitute a forfeiture of all his rights in the land contract. In consideration, the company agreed to withhold further prosecution of the forcible entry proceedings, a warranty deed to be executed in case of compliance with conditions and payment of balance of purchase price.

After entering into this agreement, Beach brought an action against the company for specific performance of the land contract, in the Cuyahoga Common Pleas, and the decree was in Beach's favor. Error was prosecuted by the Company on the grounds that the court erred in permitting testimony since the petition of Beach did not state a cause of action; the court erred in refusing to enter judgment on motion of the Company at the close of the evidence. The Court of Appeals held:

1. It is urged that no cause of action existed in Beach's favor because the second contract did not have any consideration moving to the Company; and that all Beach agreed to do in that contract, he was required to do under the law in the judgment before the justice.

2. The judgment in the forcible entry and detainer case, granted in favor of the Company, would not require Beach to tear down any building which might be erected on the property by him. Hence the agreement carried this further provision.

3. Before bringing the action in specific performance Beach tendered to the Company the balance of the amount due of the purchase price.

4. The motion for judgment by the Company has no further effect than the judgment of the Common Pleas was not sustained by sufficient evidence.

5. It is probably the theory of the Company that if Beach did not comply with provisions of the agreement within the time stated he cannot enforce specific performance; but this would not deprive Beach of the right to specific performance of the land contract since time was not made the essence of this contract.

6. The non-compliance of the conditions in the contract did not work a forfeiture for a primary rule is that forfeitures are not favored either in equity or at law; and it is declared as a universal rule that courts of equity will not lend their aid to enforce a forfeiture. Webster v. Insurance Co. 53 OS. 563.

7. Whenever a penalty or forfeiture is inserted merely to secure the payment of money, or the performance of some act, or the enjoyment of some right or benefit, equity regards such payment as a compliance with the provisions of the contract. Toledo v. Railway Co., 2 C. C. n. s., 105.

8. A judgment cannot be reversed unless the error complained of affects the substantial rights of the party complaining. 11364 GC.

Judgment affirmed.

Attorneys—Melville W. Vickery for Company; A. W. Barber for Beach; both of Cleveland.